UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LATASHA CHANTA TENNIAL
 Appellant,

 v.            Civil No. 19-cv-02688-JTF-tmp

REI NATION, LLC,
 Appellee.


Bankruptcy No. 18-28470-JDL

---

BRIEF OF APPELLEE

---

**BEARD & SAVORY, PLLC**
Russell W. Savory (#12786)
119 South Main Street, Suite 500
Memphis, TN 38103
Phone: (901) 523-1110
Fax: (901) 523-1139

*Attorneys for Appellee*
*REI Nation, LLC*

CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 8012 of the Federal Rules of Bankruptcy Procedure, REI Nation, LLC, would respectfully show the following:

1. Parent Companies: REI Nation, LLC, has no parent company and is not publicly traded.

2. Stock Ownership: No public company owns an interest in REI Nation, LLC.

# TABLE OF CONTENTS

Table of Cases, Statutes and Other Authorities …................... 4

Standard of Review …........................................................... 5

Statement of the Case         …...................................................... 5

Summary of Argument …......….......................................... 6

Argument  …......................................................................... 6

Conclusion    …................................................................... 8

Certificate of Service         …................................................. 9

## TABLE OF CASES, STATUTES AND OTHER AUTHORITIES

**CASES**

*In re Kmart Corp.,* 315 B.R. 718 (Bankr. N.D. Ill., 2004) …..............................................7

*Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47 (7th Cir., 1986); .  ....................7

*West v. Fred Wright Construction Co.,* 756 F.2d 31, (6th Cir. 1985)...............................5

**STATUTES**

11 U.S.C. § 362(d)(1)........................................................................................................5

11 U.S.C. § 365…............................................................................................................6, 8

**RULES**

F.R.B.P 8002(a)(1)...........................................................................................................7

F.R.B.P 8002(d)................................................................................................................7

## STANDARD OF REVIEW

The Bankruptcy Court's decision is independently reviewed, applying the clearly erroneous standard to the factual findings and a *de novo* review to the conclusions of law. *West v. Fred Wright Construction Co.*, 756 F.2d 31, (6th Cir. 1985).

## STATEMENT OF THE CASE

Appellant filed her Chapter 13 bankruptcy case on October 10, 2018.  Her mortgage company had foreclosed on her house (the "Premises) in 2014, but she still resided there.  Appellee REI Nation, LLC, ("REI") purchased the house from the mortgage company (Bank of America) on June 18, 2019.  Appellant, at page 11 of her brief, admits that REI is the owner of this property, although she alleges, falsely and without evidence, that REI is a "strawman" of Bank of America.

On March 25, 2019, then-owner of the Premises, Bank of America, obtained relief from the Automatic Stay for the purpose of obtaining possession of the Premises [Order Granting Motion for Relief from Automatic Stay, Bankruptcy Doc. 26].

REI filed its bankruptcy court Motion seeking an order terminating the Automatic Stay, or in the alternative for an order deeming the automatic Stay to not be in effect effective on March 25, 2019, pursuant to Section 362(d)(1), for the

purpose of allowing REI to exercise its state law remedies to obtain possession of the Premises, on grounds that the Premises was not property of the estate, and the Debtor had no leasehold interest that was capable of being assumed pursuant to Section 365 of the Bankruptcy Code.  Bank of America had been afforded the same relief by Order dated March 25, 2019.

On September 5, 2019 the bankruptcy court conducted a hearing on the Motion and held that relief from the stay should be granted to REI effective as of March 25, 2019.

The Order granting REI's Motion was entered on the docket on September 12, 2019.  The fourteen-day deadline for appealing the Order expired on September 26, 2019.  The Notice of Appeal was late-filed on October 9, 2019.

## SUMMARY OF ARGUMENT

A.  The District Court lacks jurisdiction of this appeal because the Notice of Appeal was not timely filed.

B.  Appellants' brief fails to show that the bankruptcy court erred or abused its discretion in terminating the automatic stay to allow REI to obtain possession of its property.

## ARGUMENT

**A.  The appeal was not timely filed, depriving this court of jurisdiction.**

6

Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure provides that a Notice of Appeal must be filed within fourteen days after entry of the order being appealed.  Even if Appellant could show excusable neglect, the deadline to extend time to appeal an order granting relief from the automatic stay cannot be extended:

> (d) Extending the Time to Appeal.
>
> > (1)  When the Time May be Extended. **Except as provided in subdivision (d)(2)**, the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:
> >
> > > (A)  within the time prescribed by this rule; or
> > >
> > > (B)  within 21 days after that time, if the party shows excusable neglect.
> >
> > (2)   When the Time May Not be Extended. The bankruptcy court may not extend the time to file a notice of appeal if the judgment, order, or decree appealed from:
> >
> > > (A)  grants relief from an automatic stay under §362, 922, 1201, or 1301 of the Code;
>
> \*\*\*
>
> Rule 8002(d) F.R.B.P.  (emphasis added)

The Notice of Appeal was not timely filed, and the deadline for filing was not and cannot be extended.  Therefore, the appeal should be dismissed, as this Court has no jurisdiction over a late-filed appeal. See, *e.g.*, *Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47 (7th Cir., 1986); *In re Kmart Corp.*, 315 B.R. 718 (Bankr. N.D. Ill., 2004).

### B. Appellant has failed to demonstrate that the bankruptcy court erred or abused its discretion.

It is undisputed that REI owns the Premises and that the previous owner, Bank of America, was afforded relief from the automatic stay to obtain possession. Appellant fails to explain why it was error for the bankruptcy court to provide REI with the same relief that was granted to Bank of America as to the same property. Appellant has no leasehold interest in the property that can be assumed under Section 365 of the Bankruptcy Code. Therefore, it was entirely correct for the bankruptcy court to grant relief from the automatic stay to REI.

Appellant's brief says very little about the bankruptcy order and cites no law in support of her appeal. She states that the bankruptcy court "may have" abused its discretion but fails to explain why. Appellant argues that REI is not a creditor in her bankruptcy and that she did not enter into an agreement with REI. These arguments are not helpful to Appellant, as they reinforce the fact that she has no leasehold interest in the property that could be assumed in her bankruptcy case. The remaining contents of her brief are simply not germane.

## CONCLUSION

Appellee REI Nation, LLC, respectfully requests this Honorable Court to dismiss the appeal, or in the alternative to affirm the bankruptcy court order terminating the automatic stay.

Respectfully submitted,

BEARD & SAVORY, PLLC

/s/ Russell W. Savory

_____

Russell W. Savory (12786)
Attorney for REI Nation, LLC
119 South Main Street, Suite 500
Memphis, Tennessee  38103
901-523-1110

CERTIFICATE OF SERVICE

    I, Russell W. Savory, do hereby certify that a true and accurate copy of the foregoing pleading has been served on Latasha Chanta Tennial, 4573 Fawn Hollow Cove, Memphis, TN  38141 and Jimmy L. McElroy, Esq., 3780 South Mendenhall, Ste. 202, Memphis, TN 38115 via first class U. S. Mail, postage prepaid, this 12th day of November, 2019.

/s/ Russell W. Savory

_____

Russell W. Savory